IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FORREST COX,<br><br>                Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>                Respondent. | 8:23CV423<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on preliminary review of Petitioner Forrest Cox's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

    Claim One:    The trial court failed to suppress cell phone records and Petitioner's statements to police obtained in violation of Petitioner's Fourth, Fifth, and Fourteenth Amendment rights.

    Claim Two:    Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because counsel (1) failed to contact, interview, subpoena, depose, and call witnesses for Petitioner's defense; (2) failed to conduct any reasonable investigation; (3) failed to properly object to jury instructions 8 and 10 and supplemental instruction 2; and (4) failed to assign and argue on appeal

that there was insufficient evidence to convict Cox beyond a reasonable doubt.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. **Respondent should be mindful of and, if necessary, respond to Petitioner's assertions of "actual innocence" based on "constitutional violation[s], infirmities and irregularities throughout the proceedings" to the extent Petitioner relies on such allegations to excuse any procedural bar.[1]** See Filing No. 1 at 18.

Petitioner also requests the appointment of counsel. Filing No. 10. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. See, e.g., Wiseman v. Wachendorf, 984 F.3d 649, 655 (8th Cir. 2021); Morris v. Dormire, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). See also Rule 8(c) of the Rules Governing Section 2254 Cases in

---

[1] While Petitioner frames his "actual innocence" allegations as an independent claim, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, Federal Habeas Manual § 9B:84 (West 2019) (citing Herrera v. Collins, 506 U.S. 390 (1993)); cf. Rouse v. United States, 14 F.4th 795, 801 n.4 (8th Cir. 2021) ("[I]t is an open question whether such freestanding claims of actual innocence are cognizable.") (citing McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)).

*the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Here, Petitioner was convicted of, *inter alia*, first degree murder and sentenced to life in prison. Petitioner states that his case is complicated with multiple ineffective assistance of counsel claims and requests appointed counsel to assist him in proving his "case and innocence." Filing No. 10. Upon careful consideration, the Court will grant Petitioner's motion and will appoint counsel for Petitioner.

Lastly, Petitioner has filed a Motion for Leave to Amend his petition. Filing No. 11. Petitioner seeks to add unspecified due process and ineffective assistance claims and asks the Court to grant his motion "and allow [him] to amend by way of appointed counsel." *Id*. Upon consideration, the Court will grant Petitioner's motion to the extent that Petitioner is given leave to file an amended habeas petition with the assistance of appointed counsel.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. Petitioner's Motion for Appointment of Counsel, Filing No. 10, is granted.

3. Petitioner's Motion for Leave to Amend, Filing No. 11, is granted to the extent that Petitioner is given leave to file an amended habeas petition with the assistance of appointed counsel.

4. Jerry Hug is appointed to represent Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).[2]

5. Jerry Hug is directed to promptly enter his appearance on Petitioner's behalf.

6. No later than **June 27, 2024**, counsel for Respondent and counsel for Petitioner shall confer and file a joint motion suggesting a suitable progression of this case. The Court will enter an order progressing this case to disposition following the filing of the joint motion.

7. The Federal Public Defender is directed to provide Jerry Hug with a CJA voucher in his capacity as administrator of the Criminal Justice Act panel.

8. The Clerk of the Court is directed to send a copy of this Memorandum and Order to the Federal Public Defender, Jerry Hug, and all other parties who receive notice of filings in this case.

9. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **June 27, 2024**: check for joint progression motion.

Dated this 28 day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[2] Section 3006A(a)(2)(B) provides: "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who— . . . is seeking relief under section 2241, 2254, or 2255 of title 28."